IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PAIGE EDWARDS                                                                                           PLAINTIFF

VS.                                                           CIVIL ACTION NO. 3:19-CV-00469-HTW-LRA

CANTON PUBLIC SCHOOL DISTRICT
AND JEREMY JACKSON                                                                            DEFENDANTS

**DEFENDANT JEREMY JACKSON'S MOTION TO STAY
DISCOVERY PENDING THE COURT'S RULING ON
DEFENDANT'S MOTION TO DISMISS**

COMES NOW defendant Jeremy Jackson ("Jackson"), by and through counsel, and files his motion to stay discovery pending the Court's ruling on Jackson's motion to dismiss, and in support thereof would show:

1.      On or about July 3, 2019, the instant action was removed to this Court by the co-defendant. The Complaint was initially filed solely against co-defendant Canton Public School District asserting various claims against it arising out of plaintiff's decision to leave her employment.

2.      On August 20, 2019, this Court entered an Agreed Order allowing plaintiff to amend her Complaint to include claims against Jackson for intentional infliction of emotional distress and tortious interference with a business contract. In response, Jackson filed his motion to dismiss the complaint pursuant to Rule 12(b)(6), in its entirety, on September 26, 2019.

3.      Jeremy Jackson respectfully requests that the Court stay discovery in this matter until it rules on the pending motion to dismiss.

**ARGUMENT AND AUTHORITY**

4.      The Supreme Court and the Fifth Circuit have long held that "[a] district court possesses the inherent power to control its docket." *Marine Chance Shipping, Ltd. v. Sebastian*,

143 F.3d 216, 218 (5th Cir. 1998); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (acknowledging "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Indeed, "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (discovery properly deferred where nothing that Plaintiff could have learned through discovery could have affected resolution of motion); *see also* Fed. R. Civ. P. 26(c) (federal district court has discretion to stay discovery "for good cause"); *Von Drake v. NBC*, 2004 U.S. Dist. LEXIS 25090 (N.D. Tex. May 20, 2004) (holding that discovery may be stayed pending outcome of motion to dismiss).

5.   Where there is a preliminary question that may dispose of the case as to at least one defendant — like the one presented in Jackson's motion to dismiss — a "trial court has broad discretion and inherent power to stay discovery . . ." *Petrus*, 833 F.2d at 583. A stay of discovery may be appropriate where the disposition of a motion to dismiss might preclude the need for the discovery altogether, thus saving time and expense. *See* Fed. R. Civ. P. 1 (rules of civil procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action"). As noted above, good cause to stay discovery exists where the resolution of a preliminary motion may dispose of the entire action, as to Jackson, as is the situation in the instant case. As a result, Jackson asks that the Court stay discovery until the Court rules on the pending motion to dismiss.

6.   This case is precisely the type of matter in which the Court should exercise its inherent discretion to stay discovery and other related matters. If Jackson's motion to dismiss is granted, the parties will have wasted valuable time and resources litigating a portion of the case

that is barred by operation of law. Granting a stay in this case would not prejudice the plaintiff in any way because there is nothing that can be learned through discovery that might affect the resolution of the pending motion. For the reasons set forth herein, discovery should be stayed until this Court rules upon Jackson's motion to dismiss.

7.  Due to the straightforward nature of the relief requested, defendant Jackson requests the requirement of filing a contemporaneous brief with this motion be waived.\

8.  Neither plaintiff, nor co-defendant, have indicated if they object to the relief requested.

WHEREFORE, defendant Jeremy Jackson respectfully requests that this Court stay discovery until it rules on the motion to dismiss, and that the Court grant such other and further relief, at law and equity, general or special, to which Jackson may show himself justly entitled.

This the 2nd day of January, 2020.

Respectfully submitted,

JEREMY JACKSON

BY:  *Christy V. Malatesta*
    OF COUNSEL

CHRISTY V. MALATESTA - MS BAR NO. 103270
cmalatesta@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE:  601-969-7607
FACSIMILE:   601-969-1116