IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PAIGE EDWARDS**                                                **PLAINTIFF**

**VS.**                                                       **CIVIL ACTION NO. 3:19-CV-469 HTW-LRA**

**CANTON PUBLIC SCHOOL DISTRICT, and JEREMY JACKSON**                                             **DEFENDANTS**

## ORDER

BEFORE THIS COURT is the Motion to Dismiss **[doc. no. 21]** filed by Defendant Jeremy Jackson (hereafter "Jackson") by and through counsel. In his motion, filed under the auspices of Rule 12(b)(6)[1] of the Rules of Civil Procedure, Jackson asks this court to dismiss all claims against him in this lawsuit. The Plaintiff, Paige Edwards (hereafter "Edwards"), has filed a Response in Opposition to the motion in which she asks this court to deny Jackson's motion or, alternatively, to allow her to amend her pleadings by filing a Second Amended Complaint.

Under Rule 12(b)(6)**,** a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). See also *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014), *cert. denied*, 135 S. Ct.

---

[1] (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: […]

    (6) failure to state a claim upon which relief can be granted; and

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12

1

1845 (2015); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the complaint must provide "more than labels and conclusions.").

Defendant contends that the Amended Complaint filed by Plaintiff, on its face, fails to state a claim for relief sufficient to survive a 12(b)(6) motion. Plaintiff, in her Response, denies that a claim for relief is not stated against this Defendant; however, if the pleadings are deemed to be insufficient, Plaintiff asks for the opportunity to amend those pleadings by the filing of a Second Amended Complaint.

This court prefers to allow Plaintiff to amend the Complaint at this juncture. Without deciding the issues raised in the motion and without asserting whether the pleadings are sufficient, this court chooses to allow the Plaintiff to amend her pleadings at this time. The Plaintiff has ten (10) days from the entry of this order to submit the Second Amended Complaint, after which the Defendant may re-urge a motion to dismiss, if Defendant so chooses.

The Court, by this ruling, does not make any determination as to whether the pleadings are deficient; nor does the Court rule on the merits of Defendant's motion. The court elects simply to give Plaintiff the opportunity to amend, if she so chooses.

The Motion to Dismiss **[doc. no. 21]** is **denied** for the reasons above stated and Plaintiff has ten (10) days within which to file a Second Amended Complaint, if she so chooses.

**SO ORDERED AND ADJUDGED**, this the 29th day of July, 2020.

s/ **HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**