IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PAIGE EDWARDS                                                                              PLAINTIFF

vs.                                                        CIVIL ACTION No.: 3:19-CV-469-HTW-LGI

CANTON PUBLIC SCHOOL DISTRICT
and JEREMY JACKSON                                                                   DEFENDANTS

## ORDER

Before this court is the *Renewed Motion to Dismiss* [Docket no. 45], filed by Defendant Jeremy Jackson (hereinafter "Defendant Jackson") under the auspices of Federal Rule of Civil Procedure 12(b)(6)[1]. Defendant Jackson, by way of his motion, asks this court to dismiss Plaintiff Paige Edwards's (hereinafter "Plaintiff" or "Edwards") Second Amended Complaint [Doc. 23]. Upon analyzing the parties' arguments, reviewing the record, and applying the appropriate law, this court finds that it must deny Defendant Jackson's motion to dismiss for the reasons following.

I.        BACKGROUND

*A.  Factual History*

At the time of the alleged acts, Edwards was employed in Canton, Mississippi, by Defendant Canton Public School District (hereinafter "Defendant School District") as a middle school girls' basketball team coach.  Defendant Jackson, at the same time, was employed by Defendant School District at the same middle school as the boys' basketball coach. Defendant Jackson also coached the School District's high school boys' basketball team. The middle school

---

[1] Rule 12 (b) of the Federal Rule of Civil Procedure provides:

b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … 6) failure to state a claim upon which relief can be granted,

coaching duties of Edwards and Defendant Jackson often resulted in the pair interacting with each other professionally and personally. Eventually, the pair decided to engage in a voluntary romantic relationship. The love affair was short-lived, lasting only from September 2017 to November 2017.

The death knell to the romance came suddenly. Edwards says in November 2017, she discovered a shocking fact: Defendant Jackson, allegedly unbeknownst to Edwards, at the time of this voluntary relationship, was married, and had been so all along.  Edwards contends that up until then, when she participated in this voluntary relationship, "she had no idea that Jackson was married". She says she would not have entered the relationship with Defendant Jackson had she known that he was married. Once she learned of Defendant Jackson's deception, she adds, she immediately terminated the relationship.

According to Edwards, Defendant Jackson did not welcome her decision, but, instead, embarked on a mission of harassment designed to change her mind.  The unsettling harassment reached such an extent, says Edwards, that her employment with the Canton Public School District was affected. Further, complains Edwards, she suffered extreme emotional distress because of Defendant Jackson's intentional misconduct.

Edwards explains that she developed an intense fear of Defendant Jackson because he had lied to her, and because he irrationally persisted in seeking to continue their relationship, despite her unequivocal desires to stop it. She alleges that she was so fearful for her safety that she sought a protective order against Defendant Jackson from a state court judge. The State Justice Court request, says Edwards, because Defendant Jackson had lied to the court about his marital status.

Edwards further alleged that in early July 2018, she "reported her fear" to the Superintendent of the Canton Public School District, Dwight Luckett. Since she sought protection and distance from Defendant Jackson, she says she asked Superintendent Luckett to require only

to coach at the high school. This was a "reasonable accommodation", according to Edwards, because the middle school had two boys' basketball coaches, so that team would still have a coach. She was disappointed with the Superintendent's answer. The Superintendent, a male, deliberately refused to take any action, she contends, because his son was one of the middle school basketball players, and he did not want negatively to impact his son's position. Edwards claims because of all this, she has lost weight and now suffers from a medical condition "as a result of the constant sexual harassment from Coach Jackson". She alleges that Defendant School District, in conjunction with the actions of Defendant Jackson, have subjected her to a hostile work environment because of her sex (female).

Edwards remained in her position at the middle school for the duration of the 2018-2019 school year because she allegedly could not find employment elsewhere. She states that she sought counseling by four different therapists due to the stress and anxiety caused by Defendant Jackson's alleged harassment. In the spring of 2019, she resigned from her position with the Defendant School District and accepted a job in a different School District.

   B.  *Administrative Process*

On October 1, 2018, Edwards filed a Charge of Discrimination ("EEOC Charge") against Canton School District, (the named "Respondent") with the Equal Employment Opportunity Commission ("EEOC"). [Doc. 14-1].

In the EEOC Charge Section asking for the specific allegations against Respondent, Edwards checked the box indicating "Sex". Edwards included the following statement in support of her claim:

> I have worked for Respondent as a middle school Physical Education Teacher/Girls'
> Basketball Coach since August 2017. Since late June 2018, I began rebuffing the sexual
> advances and relationship of Jeremy Jackson (male, Basketball Coach) after I became
> aware that he was married. Despite my efforts, Coach Jackson has continued to

aggressively pursue me with constant text messages, coming [to] my workspace, and staring at me. In early July 2018, I complained of sexual harassment to Dwight Luckett (male, Superintendent) and although he said he would take care of this matter, the sexual harassment from Coach Jackson has continued. I have lost weight and suffer from a medical condition as a result of the constant sexual harassment from Coach Jackson. I believe I have been subjected to a hostile work environment because of my sex (female).

I have become extremely concerned about Coach Jackson's aggressive behavior and currently have moved in with relatives and friends so as to avoid contact with him. Coach Jackson continues to send me text messages expressing his love for me even though I have repeatedly rebuffed his advances.

 I believe I was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

[Doc. 14-1]. The above constituted the whole of Plaintiff's description of the events and circumstances of her EEOC Charge.

The EEOC has 180 days from the day it assumes jurisdiction over a matter to investigate the EEOC Charge.[2] If it is unable to investigate or consolidate the matter within that time frame, it issues to the aggrieved party a Notice of Right to Sue Within 90 Days. The EEOC, unable to reach Edwards's claim within the allotted time frame, issued to her a Notice of Right to Sue Letter on February 4, 2019 [Doc. 14-2]. Edwards initiated her state court lawsuit on April 24, 2019, within EEOC's ninety (90) day filing period.

*C. Procedural Posture*

On July 3, 2019, Defendant School District removed[3] this lawsuit from state court to this federal forum. On August 20, 2019, United States Magistrate Judge Linda Anderson granted

---

[2] If EEOC has not investigated the charge within one hundred and eighty days from the filing of the charge or the expiration of any period of reference under subsection (c) or (d), whichever is later, EEOC is required to issue to a Notice of Right to Sue if the petitioner has asked for it. See 42 U.S.C.A. § 2000e-5 (West)

[3] Title 28 U.S.C. §1441(b) states as follows:  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Plaintiff's Unopposed Motion to Amend Complaint [Doc. 13]. Plaintiff filed her Amended Complaint on August 23, 2019 [Doc. 14], adding Defendant Jackson to this lawsuit, and alleging two new claims against him: (1) malicious interference with employment; and (2) intentional infliction of emotional distress.

Defendant Jackson, thereafter, on September 26, 2019, filed a motion to dismiss Edwards's Complaint [Doc. 21]. On July 29, 2020, this court denied Defendant Jackson's motion to dismiss and allowed Edwards to amend her Complaint a second time.

Edwards filed her Second Amended Complaint on August 6, 2020. The Second Amended Complaint asserts the following claims: (1) Title VII sexual harassment against Defendant Canton Public School District; and (2) intentional interference with employment and intentional infliction of emotional distress against Defendant Jeremy Jackson. Plaintiff, by way of her Second Amended Complaint, seeks the following relief: actual damages from Defendant School District; and actual and punitive damages[4] from Defendant Jackson.

The next day, August 7, 2020, Defendant Jackson filed a renewed motion to dismiss this lawsuit, stating that Plaintiff had failed to state a viable claim against him.

Before this court could reach the merits of Defendant Jackson's motion, however, on August 17, 2020, Plaintiff's counsel brought to the attention of the court a case then pending before the Mississippi Court of Appeals, *Watkins v. Oakes*, 318 So. 3d 1125 (Miss. Ct. App. 2020). Plaintiff asked this court to await the Mississippi Court of Appeals' ruling on that lawsuit, because, according to Plaintiff's counsel, that lawsuit might impact one or more issues involved in the motion to dismiss pending before the court. Persuaded by the reasoning, this court orally

---

[4] Defendants have not sought dismissal of Plaintiff's punitive damages claim.

granted Plaintiff's request [Doc 49]. On November 19, 2020, this court continued the stay until disposition of the *Watkins* case by the Mississippi Supreme Court [Doc. 52].

Ultimately, the Mississippi Court of Appels ruled in favor of the defendant in the *Watkins* case[5], and the Mississippi Supreme court denied certiorari. Thereafter, this court lifted its stay. This court now proceeds with Defendant Jackson's renewed motion to dismiss [Doc. 45].


## II.    JURISDICTION

This court has subject-matter jurisdiction over this lawsuit under Title 28 U.S.C. § 1331[6], often referred to as "federal question jurisdiction." Under federal question jurisdiction, this court has the power to exercise subject-matter jurisdiction over a lawsuit if a plaintiff alleges some claim or right arising under the United States Constitution or federal law. Edwards has asserted a claim under Title VII of the Civil Rights Act of 1964, Title 400(e), et seq, a federal statute, which states:

> "[i]t shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, or conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; ..."

The court also has supplemental jurisdiction over her state law claims against Defendant Jackson pursuant to the authority of Title 42 U.S.C. §1367, which states: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original

---

[5] This court discusses the details of the Mississippi Court of Appeals' ruling in Section IV of this Order.

[6] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

28 U.S.C.A. § 1331 (West).

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Generally, this federal court, when exercising federal question jurisdiction over a case, must apply federal substantive and procedural law; however, when the court also possesses supplemental jurisdiction over state law claims, the federal court applies the choice-of- law[7] rules of the forum state to the state law claims. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed.1477(1941). Here, Plaintiff's state law claims are so related to her federal Title VII discrimination claim that they form part of the same case or controversy. The forum state here is Mississippi; therefore, this court applies Mississippi's *substantive* law to Plaintiff's state law claims, while applying federal *procedural* law to this matter.

### III.    STANDARD OF REVIEW

As stated above, this court has before it a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive Defendant Jackson's motion, Plaintiff's Amended Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A plaintiff's complaint is properly dismissed under Federal Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)). This court must determine whether dismissal of a plaintiff's complaint is appropriate based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*.

---

[7] "Choice of law" is a set of rules used to select which jurisdiction's  laws apply in a lawsuit.

Plaintiff's complaint need not detail all factual allegations, but the complaint must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the court must assume all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Iqbal*, 556 U.S. at 678.

IV.   DISCUSSION

*A. Constructive Discharge*

This court possesses supplemental jurisdiction over Plaintiff's constructive discharge claim; accordingly, this court applies Mississippi law to this issue.   Under Mississippi law, constructive discharge occurs when "the employer [has] made conditions so intolerable that the employee reasonably [feels] compelled to resign." *Watkins* at *4 (citing *Cothern v. Vickers, Inc.*, 759 So. 2d 1241, 1246 (Miss. 2000) (citations and internal quotation marks omitted (quoting *Bulloch v. City of Pascagoula*, 574 So. 2d 637, 640 (Miss. 1990)). Constructive discharge, then, is classified as involuntary resignation.

Edwards alleges that Defendant Jackson's harassing insistence upon continuing a relationship with her after she had learned that he was married, coupled with Defendant School District's failure to separate her from Defendant Jackson, left Edwards no reasonable choice but to leave her employment. Her EEOC Charge states these acts: he would aggressively pursue her with constant text messages; come to her workplace; and stare at her. She lost weight, she says. She began to suffer from an adverse medical condition. She argues that whether Defendant Jackson's alleged actions formed a basis for her constructive discharge is not a fact question for this court to decide on a motion to dismiss. This court agrees.

Superintendent Dwight Luckett allegedly had knowledge of the sexual harassment, yet, accuses Edwards, he did not take any steps to investigate Plaintiff's allegations nor alleviate the Plaintiff's alleged concerns. This court must conclude, then, that a reasonable person could find that the School District, acting through its Superintendent, caused the sexual harassment to continue.

The standard required to show constructive discharge is a reasonable person standard— that is, whether a reasonable person would have felt compelled to resign under the circumstances. *See Barrow v. New Orleans, S.S.,* 10 F.3d 292, 297 n. 19 (5th Cir.1994). The United States Court of Appeals for the Fifth Circuit has made clear that questions governed by everyday common experiences are for a jury to determine. *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1126 (5th Cir. 1978). The issue of whether a reasonable person would have felt compelled to resign, such that Edwards was constructively discharged, is one involving everyday workplace experiences. If a jury determines that Edwards, in fact, was constructively discharged, then Edwards has met the elements of an intentional interference with contract claim.

The Court of Appeals in *Watkins* found that that Plaintiff had failed to meet his burden of proving each element of intentional interference with his contract; therefore, said the Court, Plaintiff had failed to show that a genuine issue of material fact existed. *Id*. at 1127. Accordingly, the Court affirmed the trial court's order granting Defendant's motion for summary judgment.

The Court of Appeals conceded, however, "that a constructive discharge, of [Plaintiff] could have occurred if a reasonable person in the employee's shoes would have felt compelled to resign." *Watkins* at 1246 (Miss 2000). The Mississippi Supreme Court refused to accept certiorari, thereby leaving in place the ruling that Plaintiff Watkins was not constructively discharged, but that a claim for constructive discharge may be viable in other cases.

9

Unlike *Watkins*, the matter sub judice features a motion to dismiss the Plaintiff's lawsuit for failure to state a viable claim under FRCP 12(b)(6).  In this court's eye, the Second Amended Complaint has not "fail[ed] to state a claim upon which relief can be granted." Edwards's Second Amended Complaint alleges that Defendant Jackson harassed her and that Defendant School District acquiesced and allowed such without any intercession.

This court's ruling on the instant motion to dismiss must be understood in its context: whether the actual acts of the co-defendant constitute sexual harassment; whether she was constructively discharged; whether the School District behaved as she claims; whether Defendant Jackson harassed her in the manner she claims, are all questions of fact to be proved at trial.

### B.   Intentional Infliction of Emotional Distress

Defendant Jackson argues that Edwards's claim for intentional infliction of emotional distress is "barred by Mississippi's one-year statute of limitations for intentional torts". See Miss. Code Ann. § 15-1-35. The Mississippi Supreme Court in *GEICO Cas. Co. v. Stapleton*, 315 So. 3d 464 (Miss. 2021), however, overruled previous authorities and held that "intentional tort claims fall within the general, three-year statute of limitations in Section 15-1-49."

Because the statute of limitations is three (3) years, not one year, Defendant Jackson's arguments concerning whether the Second Amended Complaint relates back to other pleadings, see FED. R. CIV. P. 15(c), need not be reached. Edwards's Second Amended Complaint is governed by a three (3) year statute of limitations, and that statute of limitations had not run when Plaintiff filed her Second Amended Complaint. Defendant Jackson and Edwards agree that the applicable beginning date is July 2018[8]. Edwards's Second Amended Complaint was filed on August 6, 2020, within the three (3) year statutory period.

---

[8] Plaintiff's EEOC Charge alleges that the earliest date of the alleged discrimination took place on June 29, 2018. The pleadings, however, reflect that the parties agreed that the discrimination began in July 2018 .

For the foregoing reasons, this court DENIES Defendant Jeremy Jackson's Motion to dismiss Plaintiff's Second Amended Complaint.

**SO ORDERED AND ADJUDGED this the 2nd day of August, 2024.**

**/s/HENRY T. WINGATE_____**
**UNITED STATES DISTRICT COURT JUDGE**